1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS RODRIGUEZ,

11          Petitioner,                    No. CIV S-00-2175 FCD JFM P

12       vs.

13   R. Q. HICKMAN, et al.,

14          Respondents.          FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding through counsel with an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1997 conviction on

18   multiple counts of oral copulation and rape with use of a firearm.  Petitioner was sentenced to

19   sixty-one years to life in state prison.

20          On August 1, 2005, counsel was appointed to represent petitioner.  On October

21   13, 2005, a status conference was held before the undersigned.  At the conclusion of the

22   conference, the parties were directed to brief the applicability to this case, if any, of Gibson v.

23   Ortiz, 387 F.3d 812 (9th Cir. 2004), and this court's findings and recommendations and order

24   adopting same in Johnson v. Knowles, CIV S-01-0657 FCD JFM P.  Respondents' responsive

25   brief was filed on November 4, 2005, and petitioner's brief was filed on November 14, 2005.

26   /////

1

In <u>Gibson v. Ortiz</u>, a habeas case, the petitioner claimed that the use at his trial of CALJIC Nos. 2.50.01 and 2.50.1 had unconstitutionally permitted the jury to find him guilty of the charged offenses based on a preponderance of the evidence burden of proof.  387 F.3d at 818. The  United States Court of Appeals for the Ninth Circuit agreed, holding that CALJIC No. 2.50.01 and CALJIC No. 2.50.1, when given together at a criminal trial, violated the defendant's Fourteenth Amendment due process rights to be proven guilty beyond a reasonable doubt.  <u>Id.</u> at 822 ("the interplay of the two instructions allowed the jury to find that Gibson committed the uncharged sexual offenses by a preponderance of the evidence and thus to infer that he had committed the *charged* acts based upon facts found not beyond a reasonable doubt, but by a preponderance of the evidence").[1]

---

[1]  At the time of Gibson's trial, CALJIC No. 2.50.01 read, in pertinent part:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case . . .
>
> If you find the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type sexual offenses.
>
> If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

<u>Gibson</u>, 387 F.3d at 817.  This instruction was revised in 1999 to clarify how jurors should evaluate a defendant's guilt relating to the charged offense if they found that he had committed a prior sexual offense.  <u>Id.</u> at 818.  The newly revised instruction added the following language: "However, if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes."  CALJIC No. 2.50.01 (7th ed. 1999).  Petitioner's jury was given the same, unrevised, version of CALJIC No. 2.50.01 that Gibson's jury received.

CALJIC No. 2.50.1, which was given at Gibson's trial and also at petitioner's trial, provides:

> Within the meaning of the preceding instructions, the prosecution has the burden of proving by a preponderance of the evidence that

In his claim before this court, petitioner argues that California Evidence Code §

1108, which allows the admission of evidence of prior sexual offenses in a criminal action in

which the defendant is accused of a sexual offense, is unconstitutional both on its face and as

applied to him.  Specifically, he claims that the admission of evidence of prior uncharged sexual

assaults against two other minors, for the purpose of demonstrating propensity and guilt, violated

his rights to due process and equal protection.  Petitioner's claim is stated, in full, as follows:

"Over defense objection, court admitted evidence of other uncharged sexual assault conduct by

Defendant. & instructed jury that it could consider D's propensity to commit such crimes as

evidence of his guilt - under California Evidence Code § 1108."  (Pet. at 6.)  Petitioner's claim

does not specifically address the due process implications of giving the former version of

CALJIC No. 2.50.01 and CALJIC No. 2.50.1 simultaneously at his criminal trial.

On direct appeal in state court, petitioner argued that the introduction of other

crimes evidence as proof of petitioner's propensity to commit sexual offenses under California

Evidence Code § 1108 violated his rights to due process and equal protection.  (Answer, Ex. A at

52-68.)  Petitioner's claim was not phrased as a challenge to the jury instructions given at his trial

and the state appellate court did not so construe it.  The appellate court rejected petitioner's claim

with a citation to <u>People v. Fitch</u>, 55 Cal.App.4th 172, 177-84 (1997) (holding that Cal. Evidence

Code § 1108, which allows the introduction of other crimes evidence to show propensity, does

not violate due process because the policy considerations favoring the exclusion of evidence of

uncharged sexual offenses are outweighed in criminal sexual offense cases by policy

/////

/////

a defendant committed sexual offenses and/or domestic violence
other than those for which he is on trial.

You must not consider this evidence for any purpose unless you
find by a preponderance of the evidence that a defendant
committed the other sexual offenses and/or domestic violence.

1   considerations favoring the admission of such evidence).  Neither the state appellate court

2   opinion nor petitioner's opening brief mentioned CALJIC Nos. 2.50.01 and 2.50.1.[2]

3           In his supplemental brief to this court, petitioner argues that his due process claim

4   contained in the petition before this court and in the petitions filed in the California Court of

5   Appeal and California Supreme Court encompasses the same jury instruction claim raised in

6   Gibson.  (Pet'r's Response to Court's Request for Supplemental Briefing, filed Nov. 14, 2005, at

7   4.)  Petitioner claims that he is entitled to habeas relief because use of both CALJIC 2.50.01 and

8   CALJIC 2.50.1 at his trial violated his right to be proven guilty beyond a reasonable doubt.  (Id.

9   at 5-8.)  Respondent, on the other hand, argues that petitioner's claim raised in this court and in

10  the California courts is significantly different than the claim raised in Gibson.  (Respondent's

11  "Supplemental Brief," filed Nov. 4. 2005, at 5.)  Respondent contends that a claim challenging

12  the use of CALJIC Nos. 2.50.01 and 2.50.1 at petitioner's trial is "unexhausted and would be

13  procedurally barred in any event."  (Id. at 3, 5-6.)

14          The exhaustion of state court remedies is a prerequisite to the granting of a

15  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).[3]  A petitioner satisfies the exhaustion

16  requirement by providing the highest state court with a full and fair opportunity to consider each

17  of his claims before presenting them to the federal court.  O'Sullivan v. Boerckel, 526 U.S. 838,

18  844 (1999); Picard v. Connor, 404 U.S. 270, 276 (1971); see also Duncan v. Henry, 513 U.S.

19  364, 365 (1995); Lyons v. Crawford, 232 F.3d 666, 668 (2000), as modified by 247 F.3d 904 (9th

20  Cir.2001). The state prisoner must describe in the state proceedings both the operative facts and

21  the federal legal theory on which his claim is based so that the state courts have a "'fair

22  /////

23

24          [2]  The California Supreme Court summarily denied petitioner's claim in this regard,
        which was raised in a petition for review.  (Answer, Ex. D.)

25

26          [3]  A petition may be denied on the merits without exhaustion of state court remedies.  28
        U.S.C. § 2254(b)(2).

1  opportunity' to apply controlling legal principles to the facts bearing upon his constitutional

2  claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citing Picard, 404 U.S. at 276-77).

3            After reviewing the relevant pleadings, this court concludes that petitioner has

4  failed to exhaust state court remedies with respect to his claim that the giving of CALJIC Nos.

5  2.50.01 and 2.50.1 at his trial violated his due process right to be convicted only on proof beyond

6  a reasonable doubt.  Petitioner did not alert the state courts that he was raising a challenge to

7  CALJIC Nos. 2.50.01 and 2.50.1 and the California Court of Appeal did not discuss any such

8  claim in its decision.  In light of the procedural posture of this case, the California Supreme

9  Court did not have any opportunity to consider the federal constitutional implications of these

10  two jury instructions at petitioner's trial.  See Reese v. Baldwin, 282 F.3d 1184, 1193 (9th

11  Cir.2002) (a petitioner presents his federal claims to the highest state court where he explicitly

12  raises the federal claims before a lower court and that court addresses the questions in its

13  decision in a manner sufficient to put a reviewing court on notice of the specific federal claims).

14            A thorough description of the operative facts before the highest state court is a

15  necessary prerequisite to satisfaction of the dictate of O'Sullivan and Harless that "a federal

16  habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling

17  legal precedent to the facts bearing upon his constitutional claim." Harless, 459 U.S. at 6.

18  Petitioner did not discuss in state court the facts underlying his new claim of jury instruction

19  error, nor did he discuss the exact legal theory set forth in Gibson.  Although the claim petitioner

20  raised in state court was related to the claim he now asserts, this is insufficient to constitute

21  exhaustion. See Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005) (claim of ineffective

22  assistance of counsel not fairly presented to state courts even though "admittedly related" to

23  other, exhausted claims of ineffective assistance because they were "distinct claims with separate

24  elements of proof" which should have been "separately and specifically presented to the state

25  courts"); Kelly v. Small, 315 F.3d 1063, 1068 n.2 (9th Cir. 2003) ("it was incumbent upon

26  petitioner to set forth the alleged failure to file a motion to recuse as an independent

5

1    constitutional claim in order to give the California Supreme Court a 'full and fair opportunity' to

2    act upon it, rather than hope that the court would infer this Sixth Amendment claim from the

3    related failure to object").  For these reasons, petitioner's claim of jury instruction error has not

4    been presented to California's highest court for review.  Further, there is no allegation that state

5    court remedies are no longer available to petitioner.

6             The petition before this court is a fully exhausted petition because all of the claims

7    contained therein have been exhausted in state court.  As discussed above, the claim petitioner

8    now wishes to raise has not been exhausted in state court.  Under the circumstances presented by

9    this case, this court should stay the instant exhausted petition to allow petitioner the opportunity

10   to also exhaust his jury instruction claim.  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir.

11   2000) ("[o]ur precedent unequivocally authorizes district courts to stay fully exhausted federal

12   petitions pending exhaustion of other claims"); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th

13   Cir. 1997)("A district court has discretion to stay a petition which it may validly consider on the

14   merits"); Blair v. People of State of Cal., 340 F.2d 741, 745 (9th Cir. 1965) ("[w]here a state

15   prisoner has not exhausted his state court remedies before applying for a federal writ of habeas

16   corpus, the district court may usually either dismiss the application for that reason, or hold it in

17   abeyance while affording the applicant a reasonable opportunity to exhaust his state court

18   remedies").[4]

19            For the foregoing reasons, petitioner's petition for writ of habeas corpus before

20   this court, which contains fully exhausted claims, should be stayed pending petitioner's

21

22        [4] Because petitioner has not presented a "mixed" petition to this court, the recent case of
     Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005) does not appear to be applicable
23   (holding that a district court has authority to stay a mixed petition pending exhaustion of
     unexhausted claims in "limited circumstances," i.e., "when the district court determines there
     was good cause for the petitioner's failure to exhaust his claims first in state court").  See Jackson
24   v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions")
     (emphasis in original.)  In any event, petitioner has established "good cause" for his failure to
25   exhaust a Gibson claim in state court: Gibson was not decided until 2004.  Further, the claim is
     not "plainly meritless" and there is no evidence that petitioner has engaged in dilatory litigation
26   tactics.  Rhines at 1535.

1  exhaustion in state court of his jury instruction claim pursuant to <u>Gibson v. Ortiz</u>.[5]  Petitioner

2  should be directed to file a motion to lift the stay not later than thirty days after resolution of his

3  unexhausted claim by the California Supreme Court.[6]

4          In accordance with the above, IT IS HEREBY RECOMMENDED that:

5          1.  This action be stayed pending exhaustion of state remedies as to petitioner's

6  claim of jury instruction error;

7          2.  Petitioner be directed to file a motion to lift the stay within thirty days from the

8  date of any order by the California Supreme Court resolving the claim referred to in paragraph 1

9  of this recommendation; and

10         3.  The Clerk of the Court be directed to administratively close this case.

11         These findings and recommendations will be submitted to the United States

12  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13  twenty days after being served with these findings and recommendations, any party may file

14  written objections with the court.  The document should be captioned "Objections to Findings

15  and Recommendations."  The parties are advised that failure to file objections within the

16  /////

17

18         [5]  As noted above, respondent argues that petitioner is procedurally barred from raising
his jury instruction claim in federal court.  (<u>See</u> Respondent's Supplemental Brief at 5-6.)  This
19  argument is grounded chiefly in anticipation of a procedural default defense that may be raised if
the California Supreme Court rejects the claim on procedural grounds.  Anticipation of these
20  potential defenses is not, at this stage, sufficient to deny petitioner the opportunity to exhaust his
claim in state court.

21

22         [6]  If petitioner wishes to forego further presentation of his jury instruction claim to the
state courts and simply proceed on the claims presented in the petition before this court, he
23  should notify this court within ten days from the date of these findings and recommendations.  In
this regard, petitioner is reminded that 28 U.S.C. § 2244(d)(1) imposes a one-year statute of
limitations upon the filing of habeas claims in federal court.  <u>See also</u> <u>Mayle v. Felix</u>, ___ U.S.
24  ___, 125 S. Ct. 2562, 2571 (2005) (an amended habeas petition will relate back to the original
petition, and thereby avoid the one-year statute of limitations contained in 28 U.S.C. § 2244(d)
25  (1), when it  arises from the "same core facts" as the timely filed claims, but not when the new
claims depend upon events separate in both "time and type" from those set forth in the original
26  pleading).

7

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  January 24, 2006.

4

5                                                UNITED STATES MAGISTRATE JUDGE

6

7

8  8:rodr2175.sta

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26